FILED
IN CLERKS OFFICE

2004 JUN -2 A 11: 35

U.S. DISTRICT COURT
DISTRICT OF MASS.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID OLIVEIRA                          :   CIVIL ACTION NO. 0410530
    Plaintiff,                          :                        MEL
v.                                       :
                                         :
EDART TRUCK LEASING, ET AL               :
                                         :
    Defendants.                         :   June 1, 2004
                                         :

## DEFENDANTS' ANSWER TO COMPLAINT

Defendants answer the numbered paragraphs of the complaint as follows:

Paragraph 1:   Defendants admit that plaintiff has asserted jurisdiction of this action under the ADA. Plaintiff has also alleged claims under Massachusetts statutory and common law.

Paragraph 2:   Defendants admit that plaintiff has asserted venue in this court.

Paragraph 3:   Defendants can neither admit nor deny the allegations in this paragraph and leave plaintiff to his proof.

Paragraphs 4-7:   Admitted.

Paragraph 8:   Defendants admit that plaintiff at times received pay raises and additional responsibilities and performed job tasks satisfactorily. Defendants deny that plaintiff was a satisfactory employee overall.

Paragraph 9:   Defendants admit the allegations in this paragraph except that plaintiff performed all the duties of a supervisor, which they deny.

Paragraphs 10-14:   Admitted.

Paragraphs 15-16: Defendants can neither admit nor deny the allegations in these paragraphs and leave plaintiff to his proof.

Paragraphs 17-18: Defendants admit that they were informed when plaintiff needed treatment for his back but deny that it was described as an "injury" or that any details were provided about its nature or severity.

Paragraph 19: Denied.

Paragraph 20: Defendants can neither admit nor deny the allegations in this paragraph and leave plaintiff to his proof.

Paragraphs 21-22: Denied.

Paragraph 23: Defendants deny the allegations in the first sentence in this paragraph. Defendants admit that after plaintiff repeatedly failed to adhere to the work rules, Prout told him that he had to abide by them if he liked his job.

Paragraphs 24-31: Denied.

Paragraph 32: Defendants admit that plaintiff was working on the third shift and admit that he was a leadman and performed some of the duties of a supervisor.

Paragraph 33: Defendants admit that plaintiff submitted a first report of injury on or about March 19, 2002.

Paragraph 34: Defendants admit that plaintiff reported an injury to Edart and did not seek medical attention until late April, 2002. Defendants can neither admit nor deny the remaining allegations and leave plaintiff to his proof.

Paragraph 35: Admitted

Paragraph 36: Defendants admit that plaintiff was transferred to the first shift as a mechanic but deny that they demoted the plaintiff. Defendants also admit that plaintiff did not wish to continue in leadman status.

Paragraph 37: Denied.

Paragraph 38: Defendants can neither admit nor deny the allegations in this paragraph and leave plaintiff to his proof.

Paragraph 39: Denied

Paragraph 40: Defendants admit that Blanchard was transferred back to the third shift but deny that he was plaintiff's "replacement."

Paragraphs 41-43: Defendants can neither admit nor deny the allegations in these paragraphs and leave plaintiff to his proof.

Paragraph 44-47: Admitted.

Paragraph 48: Defendants admit that plaintiff returned to work with restrictions on or about December 27, 2002. Defendants can neither admit nor deny the remaining allegations and leave plaintiff to his proof.

Paragraphs 49-50: Denied.

Paragraphs 51-53: Denied as written. Defendants admit only that plaintiff was resistant to doing even the light duty tasks that were within his medical restrictions and assigned to him.

Paragraph 54: Defendants can neither admit nor deny the allegations in this paragraph and leave plaintiff to his proof.

Paragraph 55: Admitted.

Paragraph 56: Denied. The MCAD had made a finding of no reasonable cause to believe that discrimination had occurred. Plaintiff's request for reconsideration of this determination was pending.

Paragraph 57: Defendants admit that they based plaintiff's termination on the Functional Capacity Evaluation and medical evidence that, after a year of light duty work, it was uncertain if and when plaintiff would be able to resume the essential duties of a diesel technician. All other allegations are denied.

Paragraphs 58-59: The allegations in these paragraphs seek to characterize extractions from the contents of a lengthy Functional Capacity Evaluation, which speaks for itself. To the extent that responses are necessary, defendants deny the characterization of the report as written.

Paragraph 60: Defendants admit that they terminated plaintiff. All other allegations are denied.

Paragraphs 61-63: Denied.

Paragraph 64: Admitted.

Paragraph 65: Defendants can neither admit nor deny the allegations in this paragraph and leave plaintiff to his proof.

Paragraph 66: Denied.

Paragraphs 67-69: Admitted.

Paragraphs 70-79: Denied

Paragraph 80: Admitted

Paragraphs 81-82: Defendants can neither admit nor deny the allegations in these paragraphs and leave plaintiff to his proof.

**COUNT I**

Paragraph 83: Defendants repeat their responses to paragraphs 1 through 82 as if fully set forth herein.

Paragraph 84-85: Denied.

**COUNT II**

Paragraph 86: Defendants repeat their responses to paragraphs 1 through 85 as if fully set forth herein.

Paragraphs 87-89: Denied.

- 4 -

## COUNT III

Paragraph 90: Defendant repeats the responses contained in paragraphs 1 though 89 as if fully set forth herein.

Paragraph 91-92: Denied.

## COUNT IV

Paragraph 93: Defendants repeat their responses contained in paragraphs 1 through 92 as if fully set forth herein.

Paragraphs 94-95: Denied.

## COUNT V

Paragraph 96: Defendants repeat their responses contained in paragraphs 1 through 95 as if fully set forth herein.

Paragraphs 97-98: Denied.

## COUNT VI

Paragraph 99: Defendants repeat their responses contained in paragraphs 1 through 98 as if fully set forth herein.

Paragraphs 100-102: Denied.

## COUNT VII

Paragraph 103: Defendants repeat their responses contained in paragraphs 1 though 102 as if fully set forth herein.

Paragraphs 104-107: Denied.

## AFFIRMATIVE DEFENSES

1. Plaintiff was not a qualified individual with a disability.

2. If reasonable accommodations were due, defendants made good faith efforts to provide them.

3. Count V fails to state a claim upon which relief can be granted because by statute plaintiff was presumed to be incapable of working at defendant Edart.

4. Count VI fails to state a claim upon which relief can be granted because by statute plaintiff was presumed to be incapable of working at defendant Edart.

5. Count VII fails to state a claim upon which relief can be granted because the facts alleged do not rise to the level of extreme and outrageous conduct.

6. Plaintiff has failed to mitigate his damages.

RESPECTFULLY SUBMITTED
DEFENDANTS,
EDART TRUCK RENTAL COMPANY and
DAVID PROUT

By: _____
Diana Garfield
BBO #185380
Kainen, Escalera & McHale, P.C.
Their Attorneys
21 Oak Street, Suite 601
Hartford, CT 06106
Tel.: (860) 493-0870
Fax: (860) 493-0871
Firm Juris No. 418003

## CERTIFICATE OF SERVICE

This is to certify that on this 1st day of June, 2004 a copy of the foregoing Defendants' Answer to Complaint was mailed to:

Richard A. Mulhearn, Esquire
41 Elm Street
Worcester, Mass. 01609

_____
Diana Garfield

13991